
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2122-BO

| | | |
|---|---|---|
| CORNELIUS ALVIN NOBLES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RENOICE E. STANCIL[1], | ) | |
| Respondent. | ) | |

Cornelius Alvin Nobles, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Renoice E. Stancil ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner thereafter filed two motions to amend (D.E. # 10 and # 14) and response to respondent's motion to dismiss (D.E. # 12). Respondent filed a response to the first motion to amend (D.E. # 11). The matter is ripe for determination.

## BACKGROUND

Petitioner is a prisoner of the State of North Carolina. On September 10, 1997, after a jury trial he was convicted of first-degree murder and multiple counts of discharging a firearm into occupied property. Petitioner, through counsel, has appealed twice to the Supreme Court of North Carolina. In the second appellate opinion, the Court outline the procedural history as follows:

> Defendant was tried capitally at the 11 August 1997 session of Superior Court, Sampson County. The jury found defendant guilty of six counts of discharging a firearm into occupied property and further found defendant guilty of the first-degree murder of his wife, Ronita E. Nobles. The trial court sentenced defendant to consecutive sentences of forty to fifty-seven months each for four of the six counts of

---

[1]Renoice E. Stancil is the current Administrator of Bertie Correctional Institution.

discharging a firearm into occupied property. The trial court arrested
judgment for the conviction of the sixth count of discharging a firearm
into occupied property and used it as the predicate felony supporting
felony murder. Following a capital sentencing proceeding, the jury
recommended a sentence of death for the murder, and the trial court
entered judgment in accordance with that recommendation.
On appeal, this Court found no error in the guilt-innocence phase of the
trial with regard to the convictions for first-degree murder and
discharging a firearm into occupied property. State v. Nobles, 350 N.C.
483, 517, 515 S.E.2d 885, 905-06 (1999) (Nobles I). Because of
instructional error at the capital sentencing proceeding, we vacated the
death sentence and remanded the case for a new capital sentencing
proceeding. Id.

On remand, a capital sentencing proceeding was held at the 25 August
2000 session of Sampson County Superior Court. The jury found two
aggravating circumstances: (1) defendant had previously been
convicted of a felony involving the use or threat of violence to the
person, N.C.G.S. § 15A-2000(e)(3) (2001); and (2) defendant
knowingly created a great risk of death to more than one person by
means of a weapon which would normally be hazardous to the lives of
more than one person, N.C.G.S. § 15A-2000(e)(10). The jury rejected
the three statutory mitigating circumstances submitted: (1) the murder
was committed while the defendant was under the influence of mental
or emotional disturbance, N.C.G.S. § 15A-2000(f)(2); (2) the capacity
of the defendant to appreciate the criminality of his conduct or to
conform his conduct to the requirements of the law was impaired,
N.C.G.S. § 15A-2000(f)(6); and (3) the statutory catchall, N.C.G.S. §
15A-2000(f)(9). The jury found twenty-five nonstatutory mitigating
circumstances. On 26 September 2000, the jury unanimously
recommended that defendant be sentenced to death, and the trial court
entered judgment in accordance with that recommendation.

State v. Noble, 357 N.C. 433, 434-35, 584 S.E.2d 765 (2003) (Nobles II). In this second opinion,

the Court found error in the second sentencing proceeding. On February 27, 2006, the jury at the

third sentencing proceeding recommended a life sentence and judgment was entered. On July 10,

2008, petitioner dated a *pro se* motion for appropriate relief (MAR) and on February 16, 2009,

dated a motion to amend the MAR. Both the MAR and the amendment thereto were denied on

the merits by court orders dated February 21, 2009, and March 2, 2009, respectively. On March

9, 2009, petitioner dated a motion for production of transcripts and related documents. On petitioner's assertion, this motion was denied on June 1, 2009. On June 25, 2009, petitioner dated a *pro se* certiorari petition in the North Carolina Court of Appeals. On July 17, 2009, certiorari was denied. On September 11, 2009, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dated and thereafter filed in this court.

## ISSUES

Petitioner asserts three claims: 1) His indictments, convictions, and sentences constitute double jeopardy; 2) the denial of access to courts because former counsel did not provide access to the trial records and case filed and his motion for production of records was denied; and 3) ineffective assistance of trial counsel.

## FACTS

> The State's evidence tended to show that on 28 August 1996 defendant shot and killed his wife, Ronita Nobles ("victim"). On 25 August 1996 defendant had been charged with assault on the victim; he was released on bond on 27 August 1996 but was to have no contact with the victim. On the evening of 28 August 1996, defendant was driving down Paul Ed Dail Road near Kenansville, North Carolina, in his Mercedes when he noticed his wife's Nissan pickup truck leaving the driveway of their house. Defendant stopped his car in the road and flashed his lights at the truck. He then got out of his car and shouted at the truck twice. The truck left the driveway and headed in defendant's direction. Defendant then took his gun out of his back pocket and began shooting at the truck. The driver's side of the truck hit defendant and ran over his foot, causing him to slam against the driver's side of the truck. The truck ran off the side of the road into a ditch.
>
> As the truck was heading toward the ditch, Russell Brock was driving down Paul Ed Dail Road in the opposite direction of the victim's truck. Defendant returned to his car and proceeded to back up toward the truck. Defendant and Brock approached the truck at approximately the same moment. Defendant opened the driver's door and pulled the victim from the truck. Defendant told Brock that the victim was his wife and that he had shot her. Defendant then removed his two-year-old daughter from her car seat located in the passenger's seat; next, he removed his twin nine-month-old children, who were in car carriers, from the back seat of the truck. The children were unharmed.

3

Shortly thereafter members of the Duplin County Rescue Squad and the Duplin County Sheriff's Department arrived. The emergency medical technician found no signs of life in the victim at the murder scene. Seven bullet holes were found in the truck. Defendant was arrested at the scene.

North Carolina v. Nobles, 350 N.C. 483, 490-491, 515 S.E.2d 885, 889-890 (1999) (Nobles I)

## DISCUSSION

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561.

4

However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Therefore, the court must consider when petitioner's case because final on direct review. 28 U.S.C. § 2244(d)(1)(A). "Final judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Steward, 549 U.S. 147, 156 (2007) (citation omitted). Thus, petitioner's case became final on direct review after the period in which to file a notice of appeal from his third re-sentencing on February 27, 2006 ran. Under North Carolina Rules of Appellate Procedure Rule 4(a)(2) petitioner had fourteen-days to appeal. N.C.R. of App., Rule 4(a)(2). Therefore, on Monday, March 13, 2006, the one-year period of limitation began to run and fully expired 365 days later on Tuesday, March 13, 2007. During the time the statute was running, no post-conviction filings were made. Petitions filed after the expiration of the one-year AEDPA limitations period "cannot revive a period of limitation that has already run." Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) (citing Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)). Therefore, the petition is time-barred. Neither the July 10, 2008, MAR nor any of the subsequent filings could toll the matter because the one-year period had expired prior to these filings.

Finally, the petition and amendments thereto (D.E. # 10 and #14) may be construed as seeking equitable tolling for the statute of limitations period. Specifically, petitioner argues that

5

with due diligence he has attempted to prepare this habeas corpus petition. (D.E. # 10, p. 7) Petitioner has sought documents, records and transcripts as verified by the requests and motions his transcripts, records, and documents within his attachments.

"To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007), citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner's claims are not extraordinary circumstances demanding equitable tolling of the one-year period of limitation. While petitioner claims he has been unable to retrieve records, within his filings he has provided to the court (letter at Exhibit F attached to his habeas application) a letter from his attorney, Ernest L. Conner, Jr., written on May 7, 2008. The letter was written in response to petitioner's letter of April 24, 2008. The letter states: "I have your files in my office, and you are welcome to them. The documents you request number in the thousands . . . and it would be too costly . . . to mail. Additionally, I do not believe your facilities . . . will allow you to keep this many documents . . . I will . . . give them over to you or your attorney, or anyone acting in your behalf, with a proper release from you . . . I would request that you promptly make arrangements." This letter indicates counsel's complete willingness to turn over the records. Additionally, at the time petitioner wrote this letter, the limitations period had already run. Likewise, petitioner's motion within the state court for production of transcripts and related documents was not dated until June 1, 2009. This was also after the statute of limitations had run. While such a motion does not act to toll a period of limitations that has yet to run, it evidences his failure to pursue his right with due diligence. Hodge v. Greiner, 269 F.3d 104 (2nd Cir. 2001) (state post-conviction motion to obtain discovery to develop claim, does not toll statute); Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th

6

Cir. 2002) (motion for transcript does not toll and state's failure to provide transcript does not qualify for equitable tolling); <u>Jihad v. Hvass</u>, 267 F.3d 803, 806 (8th Cir. 2001) (lack of transcript does not preclude petitioner from commencing federal habeas and does not warrant equitable tolling); <u>Donovan v. Maine</u>, 276 F.3d 87, 93 (1st Cir. 2002) (state's delay in providing transcript to petitioner does not toll statute); <u>Glasso v. Bruton</u>, 255 F.3d 492, 495 (8th Cir. 2001) (equitable tolling does not provide relief for delay in receipt of transcript). The claims are time barred.

Accordingly, petitioner's motions to amend (D.E. # 10 and 14) are ALLOWED. Respondent's Motion to Dismiss (D.E. # 7) the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED.

SO ORDERED, this 14 day of January 2011.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7